IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BRITTANY S. WILLIAMSON**                                                  **PLAINTIFF**

V.                                                                           **CIVIL ACTION NO. 3:20-cv-291-NBB-RP**

**FRIENDSHIP PHARMACY, LLC,**
**AND KEN NOWLIN**                                                  **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

Presently before the court is the defendants' motion to dismiss and the plaintiff's motion to supplement response in opposition thereto. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

After exhausting her remedies with the EEOC, the plaintiff, Brittany S. Williamson, a female with a Doctor of Pharmacy degree, timely filed her lawsuit in this court on November 11, 2020, alleging sex discrimination against her former employer Friendship Pharmacy, LLC, ("Friendship") and tortious interference with employment against its owner, Ken Nowlin. The plaintiff alleges that after working as a pharmacist with Friendship for eight months, she was fired and replaced by a male with only a bachelor's degree.

The defendants filed the current motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that the plaintiff has failed to allege sufficiently that Friendship is an "employer" under Title VII or an "integrated enterprise" subject to liability under Title VII. This is inaccurate. The plaintiff alleges in her complaint, inter alia, as follows:

> Defendant Nowlin has three (3) Friendship Clinics and one Friendship Pharmacy. Charlene Black, the office manager, supervises all three (3) clinics and the pharmacy. These facilities employ more than fifteen (15) employees. For Title VII purposes, the facilities are an "integrated enterprise."

[Doc. 1].

The defendants also seek dismissal of the plaintiff's claim against defendant Ken Nowlin, arguing that the plaintiff has failed to allege sufficiently a claim of tortious interference with employment.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A district court should dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* at 376 (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

The defendants have attached documents in support of their motion that they urge the court to consider under Rule 12(b)(6), but the documents, purporting to be "statements of deposits and filings" regarding withheld taxes and wages submitted to the State of Mississippi, are matters outside the pleadings that do not fall under an exception listed above, and they will not be considered at this time. The plaintiff, on the other hand, agreeing that these documents are outside the pleadings, asks the court to convert the present motion to a motion for summary judgment under Rule 56. Accordingly, she has filed a motion to supplement her response to the defendants' motion. The court declines this course of action as well.

Instead, the court limits its review to the parameters of Rule 12(b)(6) at this time and finds sufficient assertions, which the court accepts as true under the 12(b)(6) standard, that Friendship is a Title VII employer and an "integrated enterprise." If the defendants continue to maintain their position to the contrary, they may re-urge the matter after the completion of discovery at the Rule 56 stage of this litigation. The court also finds that the plaintiff has sufficiently pled a plausible claim of tortious interference with employment against Nowlin.

Accordingly, the court finds that the defendants' motion to dismiss should be, and the same is hereby, **DENIED**, and the plaintiff's motion to supplement her response is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this 29th day of September, 2021.


/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE